PATRICK H. HICKS, ESQ.
Nevada Bar No. 4632
MICHAEL D. DISSINGER, ESQ.
Nevada Bar No. 15208
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:  702.862.8800
Fax No.:  702.862.8811
phicks@littler.com
mdissinger@littler.com

Attorneys for Defendant
PEPPERMILL CASINOS, INC.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAQUEL CONSTANTINO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PEPPERMILL CASINOS, INC.,<br>and DOES I-X,<br><br>　　　　Defendants. | Case No. 3:24-cv-00573-ART-CLB<br><br>**ORDER ADOPTING JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH L.R. 26-1(b)** |

Plaintiff, RAQUEL CONSTANTINO ("Plaintiff"), and Defendant, PEPPERMILL CASINOS, INC. ("Defendant"), by and through their undersigned counsel of record, hereby stipulate to and propose the following Joint Discovery Plan and Scheduling Order:

1. **Discovery Cut-Off Date(s):** Plaintiff filed her Complaint on December 12, 2024. Defendant filed its Answer to the Complaint on February 7, 2025. Therefore, the last day of discovery shall be **August 6, 2025**, 180 days from when Defendant filed its Answer. Discovery may be taken on the claims and defenses alleged in this case to the extent permitted by the Federal Rules of Civil Procedure. The parties met and conferred telephonically and participated in the Rule 26(f) conference on February 13, 2025. Ronald J. Dreher, Esq. was present for Plaintiff, and Michael D. Dissinger, Esq. was present for Defendant. The dates proposed in this Section are within

the deadlines specified in LR 26-1(b), and the deadlines submitted herein comply with LR 26-1(b). No special scheduling review is requested.

2. **Amending the Pleadings and Adding Parties:** The parties shall have until **May 8, 2025**, ninety (90) days before the discovery cut-off date, to file any motions to amend the pleadings or to add parties.

3. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** Initial expert disclosures are due **June 9, 2025**, sixty (60) days before the discovery cut-off. Rebuttal expert disclosures are due on **July 9, 2025**, thirty (30) days prior to the close of discovery.

4. **Dispositive Motions:** Dispositive motions may be filed no later than **September 5, 2025**, thirty (30) days after the discovery deadline. In the event the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, no later than thirty (30) days from the subsequent discovery cut-off date.

5. **Pretrial Order:** The pretrial order shall be filed by **October 6, 2025**, thirty (30) days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

6. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order in accordance with LR 26-1(b)(6).

7. **Initial Disclosures:** The parties will make their initial disclosures by **February 27, 2025**, which is fourteen (14) days after the date the parties participated in the Rule 26(f) conference.

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

8. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule 26-3, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

9. **Electronic Filing:** The attorneys of record in this matter are registered for electronic filing with this Court and as such, consent to electronic service of any document required to be served pursuant to Fed. R. Civ. P. 5. Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court.

10. **Electronically Stored Information:** The parties hereby certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations, but the parties have not reached any stipulations at this time regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system. At this time, the parties believe that this case may involve or require the inspection or production of some electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced as a readable image (e.g., .pdf or .tiff) file, while reserving the right to seek ESI thereafter if necessary and to the extent readable images are insufficient in establishing any claims or defenses. To the extent there is any ESI it will likely be located within searches of communications in Defendant's Departments or Plaintiff's personal computer. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure and LR 26-1(b)(9).

11. **Privileged or Protected Documents:** The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties

acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine, or any other recognized privilege ("Privileged Document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

12. **Alternative Dispute Resolution:** The parties hereby certify that they have met and conferred about the possibility of using alternative dispute resolution process, and an early neutral evaluation has been scheduled for April 7, 2025.

13. **Alternative Forms of Case Disposition:** In compliance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and LR 26-1(b)(8), the parties have considered consenting to the assigned Magistrate Judge, as well as the Short Trial Program.

14. **Later Appearing Parties:** A copy of this Discovery Plan and Scheduling Order shall be served on any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance. This Discovery Plan and Scheduling order shall apply to such later appearing party, unless the Court, on motion and for good cause shown, orders otherwise.

/ / /

15. **Electronic Evidence:** The parties hereby certify, pursuant to LR 26-1(b)(9), that they discussed whether they intend to present evidence in electronic format to the jurors for the purposes of jury deliberations. The parties have not reached any stipulation regarding producing discovery in an electronic format compatible with the Court's electronic evidence display system.

16. **Discovery Disputes:** The parties agree that if, after complying with the Federal Rules of Civil Procedure and applicable Local Rules, and meeting and conferring in an attempt to resolve a discovery dispute informally, there remains a dispute, the parties will comply with the information discovery dispute procedure set forth in the Court's Civil Standing Order entered February 7, 2025. (ECF No. 8.)

Dated: February 26, 2025

Respectfully submitted,

*/s/ Ronald J. Dreher*
RONALD J. DREHER, ESQ.
DREHER LAW

*Attorneys for Plaintiff*
RAQUEL CONSTANTINO

Dated: February 26, 2025

Respectfully submitted,

*/s/ Michael D. Dissinger*
PATRICK H. HICKS, ESQ.
MICHAEL D. DISSINGER, ESQ.
LITTLER MENDELSON, P.C.

*Attorney for Defendant*
PEPPERMILL CASINOS, INC.

**IT IS SO ORDERED.**

Dated: February 27, 2025.

_____
UNITED STATES MAGISTRATE JUDGE